IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 3:19-00063

BRUCE ALLEN WARD

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Bruce Allen Ward's Motion for Compassionate Release (ECF No. 40). The United States has submitted its Response in Opposition, and the motion is now ripe for review. For the following reasons, the Court **DENIES** the motion.

**I.   STANDARD OF REVIEW**

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the Bureau of Prisons to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within thirty days, the defendant may file a motion before the court. *Id.*

Once the defendant satisfies this administrative exhaustion requirement, the court may reduce his or her sentence if (1) there are "extraordinary and compelling reasons" for release, and (2) the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." *See* 18 U.S.C. § 3582(c).[1] District courts enjoy broad discretion when considering a

---

[1] Section 3482(c)(1) also requires a sentence reduction to be "consistent with applicable

motion under § 3582(c) and only abuse that discretion when "act[ing] arbitrarily or irrationally, fail[ing] to consider judicially recognized factors constraining its exercise of discretion, rel[ying] on erroneous factual or legal premises, or commit[ing] an error of law." *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021) (quoting *United States v. Trotman*, 829 F. App'x 607, 608 (2020)) (internal quotation marks omitted).

## II. DISCUSSION

At the outset, the Court finds that Ward has demonstrated administrative exhaustion. He has submitted his request to the warden and the response denying his request. ECF No. 40. Therefore, the Court can proceed to the merits of his claim.

Ward argues that there are two "extraordinary and compelling" reasons for release.[2] First, he argues that his release is justified by the general conditions created by the COVID-19 pandemic. However, as this Court has recognized in the past, the risk of illness may only justify release when an inmate has shown both a particularized susceptibility to the virus and a particularized risk that he will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D. W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate). Ward has not identified any medical or facility conditions that create a particularized risk of susceptibility. Therefore, the Court

---

policy statements issued by the Sentencing Commission." The Fourth Circuit, however, has made clear that at this time, there are no existing applicable policy statements. *See United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020).

[2] Defendant has styled his motion as one for relief under 18 U.S.C. § 3582(c)(1)(B) but analyzes his claims under § 3582(c)(1)(A). Given that subsection (B) only applies to situations where the sentence reflects an "arithmetical, technical, or other clear error," or where the Government moves for a reduction based on substantial assistance (neither of which are present here), the Court has limited its discussion to subsection (A).

rejects Ward's first claim.

Next, Ward argues that there are extraordinary and compelling reasons for release because his brother's recent death has left his mother without a caretaker. Although United States Sentencing Guidelines § 1B1.13 indicates that some family circumstances may justify early release, the Fourth Circuit has recognized that courts are not bound by this guidance. *McCoy*, 981 F.3d at 281-83. Exercising the Court's discretion to interpret "extraordinary and compelling reasons" for release, the Court finds that Ward has not met this high standard. He has failed to articulate the degree to which his mother is incapacitated and whether he is the only available caretaker. Moreover, even if Ward had presented that information, the Court is not inclined to grant his motion when weighing the § 3553 factors. As articulated at Ward's sentencing, his attempt to engage in sexual activity with a minor and attempt to send a minor sexually explicit photographs of himself justifies a significant term of incarceration. After calculating the Guidelines range, the Court varied downward and imposed a sentence of 78 months. The Court does not find that acting as a caretaker warrants a reduction in sentence by half.

### III.  CONCLUSION

For the above-stated reasons, the Court **DENIES** Ward's Motion for Compassionate Release (ECF No. 40).

The Clerk is **DIRECTED** to send a copy of this order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   August 13, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE